Nelson Cohen
United States Attorney

Eve C. Zamora
Special Assistant U.S. Attorney
101 12th Avenue, Room 310
Fairbanks, Alaska 99701
Telephone: (907)353-6561/6510
Fax:(907)353-6501
Eve.zamora@wainwright.army.mil

Attorney for the Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 4:06-cr-00026-TWH |
| Plaintiff, | |
| v. | PLEA AGREEMENT |
| JUREAU A. IRVINE, | |
| Defendant. | |

Pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, this memorandum confirms the complete plea agreement between the United States and Jureau A. Irvine ("Defendant"). No other agreement, understanding, or promise exists between these parties. This plea agreement is entered into pursuant to Rule 11(a)(1), Federal Rules of Criminal Procedure. Because the case arises out of facts occurring after November 1, 1987, the Defendant's sentence is determined by the United States Sentencing Commission Guidelines Manual ("Guidelines").

### TERMS

The parties agree that under Criminal Rule 11(a)(1) the Defendant conditionally pleads guilty to the one count information charging him with: COUNT I – DRIVING WHILE LICENSE SUSPENDED, in violation of AS § 28.15.291 as assimilated into federal law by operation of 18 U.S.C. § 13.

The maximum punishment for COUNT I, a Class A Misdemeanor, is 1 year imprisonment, a $10,000 fine, and a $25 special assessment. See AS 12.55.035(b)(5).

### PARTIES' OBLIGATIONS

**A. Defendant's Obligation**

The Defendant is charged in a one count Information, which alleges against this Defendant a violation of AS § 28.15.291 as assimilated into federal law by operation of 18 U.S.C. § 13. The Defendant has read and fully understands the nature and elements of the crime charged in the Information, and the terms and conditions of this plea agreement, and will advocate the disposition agreed to herein. The Defendant withdraws all previous pleas to enter a plea of guilty to the charge in Count I of the Information: Driving While License Suspended.

The Defendant understands this agreement binds only the undersigned parties and no other federal, state, or local authority. The Defendant acknowledges no promises have been made regarding any civil or administrative or immigration consequences resulting from this plea of guilty.

**B. United States' Obligations**

The United States consents to advocate the disposition agreed to herein.

**C. Compliance With Sentencing Guidelines**

The United States asserts that the charges to which the Defendant is pleading guilty adequately reflect the seriousness of the actual offence. The Sentencing Guidelines are not affected by this agreement.

## ELEMENTS

The United States must prove each of the following elements beyond a reasonable doubt for Count I: 1. that, the Defendant did drive a motor vehicle. 2. that, the Defendant did so when his driver's license was suspended.

## FACTS

Defendant acknowledges the truth of and agrees to the following facts: On the 21st day of December 2005, he drove a motor vehicle onto Fort Wainwright and that his license to drive was suspended on that day.

This statement of facts does not bind the court. Either party may tell the probation office or court about information and facts not stated herein.

## PENALTIES

A. Pursuant to As 12.55.035(b)(5) and AS 28.15.291, the maximum penalty that may be imposed for Driving While License Suspended, a Class A misdemeanor, is imprisonment for no more than one (1) year and a fine of up to $10,000, and a special assessment of $25.

B. Pursuant to Comment 7 to §5E1.2 of the Guidelines, the court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term.

C. Pursuant to 18 U.S.C. §3612(f), unless otherwise ordered, if the court imposes a fine of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of a fine amount not paid within 15 days after the judgement date.

D. Upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release.

E. As a result of pleading guilty, the Defendant may lose (for a drug offense after 11/17/88) certain federal benefits as provided in 21 U.S.C. §862, and (for any felony offense) certain rights, such as the right to vote, to hold public office, to serve on a jury, and to possess

firearms. The Defendant understands that the United States reserves the right to notify any state or federal agency by whom the Defendant is licensed, or with whom the Defendant does business, of the fact of the Defendant's conviction.

### SENTENCE RECOMMENDATION

Both parties agree that, under § 2X5.1 of the Federal Sentencing Guidelines, no sufficiently analogous guideline exists for the offense of Driving While License Suspended.

Pursuant to 18 U.S.C. § 3553(b), both parties agree an appropriate sentence in this case is:

1) One Year Probation; and
2) $250.00 Fine; and
3) $25.00 Special Assessment Fee
4) Eighty hours of community service.

Both parties agree that the sentence reflects the seriousness of the offense, will promote respect for the law, and will provide a just punishment.

### WAIVER OF RIGHTS AND CONSEQUENSES OF PLEA

I, Jureau A. Irvine being of sound mind and under no compulsion, threat, or promises, except as previously stated, acknowledge that I have read this plea agreement, that I understand its terms and conditions, and that the matters set forth herein, including the facts that support my guilty plea, are true and correct.

A. I wish to enter a plea of guilty to Count I of the Information charging me with Driving While License Suspended because I am guilty. I understand the nature and elements of the crimes to which I am pleading guilty. I understand that by pleading guilty I am admitting that the allegations against me in the Count to which I am pleading is true.

B. I acknowledge that I have been advised and understand that by entering a plea of guilty I am waiving, that is giving up, certain rights guarantee to me. Specifically, by pleading guilty I knowingly and voluntarily give up the following rights:

- The right to plead not guilty or to persist in that plea if it has already been made;
- The right to a speedy and public trial by a jury both as to guilt or innocence and as to the forfeiture of any money or property;
- The right to object to the composition of the petit jury;
- The right to be presumed innocent and not to suffer any criminal penalty or criminal forfeiture unless and until my guilt is established beyond a reasonable doubt;
- The right to confront and cross-examine witnesses against me, and the right to subpoena witnesses to appear on my behalf;
- The right to remain silent at trial, with such silence no to be used against me, and the right to testify on my own behalf;
- The right to contest the validity of search warrants executed on my property or person;
- The right to appeal or contest, directly or collaterally my conviction, any criminal forfeiture, or any sentence on any ground unless the court imposes a sentence in excess of the statutory maximum or a sentence that is contrary to the sentencing guidelines or a sentence that violates this plea agreement.

C. I understand if I were convicted after a trial, I could appeal the conviction; but that pleading guilty, I give up the right to appeal my conviction.

D. I understand the court may ask me questions about the offense to which I plead guilty. If I answer falsely under oath, on the record, and in the presence of counsel, my answers may later be used against me in a prosecution for perjury or making a false statement.

E. I understand it is my attorney's duty to examine the facts of the case and advise me as to what plea I should enter. I also understand that it is my attorney's duty to abide my wishes. If my attorney refused to do so, I would inform the judge immediately.

F. I understand anything I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this agreement may be filed among the papers in my case.

G. I am completely satisfied with the representation and advice that I have received from my attorney in this case.

_____          9·18·06
Jureau A. Irvine                         _____
Defendant                                DATE

As Counsel for the Defendant, I have discussed with him the terms of this plea agreement, have fully explained the charge to which he is pleading guilty and the necessary elements, all possible defenses, and the consequences of his plea. Based on these discussions, I have no reason to doubt that the Defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question his competency to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the Defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the Court.

_____          9/19/06
M.J. HADEN,                              _____
Attorney for Defendant                   DATE

On behalf of the United States, the following accepts the offer of Jureau A. Irvine to plead guilty under the terms of this plea agreement.

DATED this 4 day of October, 2006

Respectfully submitted,

NELSON COHEN
United States Attorney

for /s/ EVE C. ZAMORA
Eve C. Zamora
Special Assistant U.S. Attorney
101 12th Avenue, Room 310
Fairbanks, Alaska 99701
Telephone: (907)353-6561/6510
Fax:(907)353-6501
Eve.zamora@wainwright.army.mil